UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| **DEANNA DAVIS,** | : | |
| | : | |
| Plaintiff, | : | CASE NO: _____ |
| | : | |
| v. | : | |
| | : | |
| **ORGANON USA, INC., ORGANON PHARMACEUTICALS USA, INC., ORGANON INTERNATIONAL, INC., SCHERING-PLOUGH CORPORATION, and MERCK and CO.,** | : | **COMPLAINT and JURY DEMAND** |
| | : | |
| Defendants. | : | |

COMES NOW Plaintiff DEANNA DAVIS, by and through undersigned counsel, hereby alleges against Organon USA, Inc., Organon Pharmaceuticals USA, Inc., Organon International, Inc., Schering-Plough Corporation and Merck and Co., the following:

**PARTIES AND JURISDICTION**

1. Plaintiff DEANNA DAVIS is, and was at all times relevant to this Complaint, a citizen and resident of the State of New Jersey.

2. Defendant Organon USA, Inc. is a Delaware corporation organized, existing and conducting business in the state of New Jersey with its principal place of business at 56 Livingston Avenue, Roseland, New Jersey 07068.

3. Defendant Organon Pharmaceuticals USA, Inc. is a Delaware corporation organized, existing and conducting business in the State of New Jersey with its principal place of business at 56 Livingston Avenue, Roseland, New Jersey 07068.

4. Defendant Organon International, Inc. is a Delaware corporation organized, existing and conducting business in the State of New Jersey with its principal place of business at 56 Livingston Avenue, Roseland, New Jersey 07068.

5. Defendant Schering-Plough Corporation is a New Jersey corporation organized, existing and conducting business in the State of New Jersey with its principal place of business at 2000 Galloping Hill Road, Kenilworth, New Jersey 07033.

6. Defendant Merck and Co. is a New Jersey corporation organized, existing and conducting business in the State of New Jersey with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, 08889.

7. In 2009, Defendant Merck & Co., Inc., which has its principal place of doing business in New Jersey, acquired defendant Schering-Plough Corporation and assumed the liabilities attendant to both Schering-Plough and the previously named Organon defendants, plus became liable for injuries which the said product caused after it took control of it.

8. On November 19, 2007, Defendant Schering-Plough Corporation acquired Organon BioSciences N.V.  Upon information and belief, Schering-Plough Corporation attained the liabilities of Defendant Organon through the merger.

9. In or around March 2009, Defendant Merck & Co., Inc. merged with Schering-Plough Corporation under the name of Merck.  Upon information and belief, Defendant Merck attained the liabilities of Defendant Organon through the merger.

10. At all times relevant to this Complaint, each of the above Defendants conducted business and derived revenue in the State of Alabama and in the state in which plaintiff resides.

11. This court has personal jurisdiction over the Defendants in that the prescription drug at issue, NuvaRing, was prescribed, marketed and sold in the State of Alabama.

12. This court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

13. Venue in this district is appropriate under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in this district.

14. Furthermore, the Defendants collectively have marketed, sold, distributed or otherwise distributed NuvaRing within the State of Alabama.

## TAG-ALONG ACTION

15. This is a potential tag-along action and in accordance with 28 U.S.C. §14-7, it should be transferred to the United States District Court for the Eastern District of Missouri for inclusion in *In re NuvaRing Products Liability Litigation,* MDL 1964 (Hon. Rodney W. Sippel).

## FACTS

16. Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth, and further alleges as follows:

17. NuvaRing is a combination therapy contraceptive containing the drugs etonogestrel (a progestin) and ethinyl estradiol (an estrogen). The combination acts to prevent conception by suppressing ovulation, changing cervical mucus to prevent sperm from penetrating the uterus, and thinning the endometrium to prevent sperm implantation.

18. NuvaRing's contraceptive medication is delivered vaginally via a flexible plastic ring manually placed into the vagina by its user. It is designed to release small amounts of the progestin and estrogen hormones over the course of 21 days, after which it is removed and discarded. The user is to replace a new ring after a 7 day break from the hormonal regimen.

19. The progestin in NuvaRing, etonogestrel, is the active metabolite of desogestrel, a synthetic progestogen linked to a doubling of the incidence of thrombotic events, including blood clots, strokes and heart attacks, in its users.

20. Defendants heavily promoted, and continue to heavily promote, NuvaRing as the "hassle-free" contraceptive of choice. Past marketing tactics on Defendant's website, www.nuvaring.com, specifically targeted youthful contraceptive users with current and/or former marketing programs like "ClubNuva" which includes NuvaNews ("the latest in women's health, fashion and entertainment"), "NuvaCards" (allowing users to create cards by importing faces, "fun accessories and a personal message"), and Daily Horoscopes.

21. The on-line promotional materials for NuvaRing state that the product offers 99% effectiveness, convenience, and low incidence of side effects. Defendants' ads have also stated that "NuvaRing allows for spontaneity" and has a low incidence of breakthrough bleeding compared to oral contraceptives.

22. Defendants failed adequately to emphasize the potential for blood clots, heart attack, stroke and pulmonary emboli in any of their print and multi-media advertisement.

23. NuvaRing's label underscores Defendants' indifference as to the potential for the contraceptive's harm to users.

24. The label reads "[a]lthough the data are mainly obtained with oral contraceptives, this is likely to apply to NuvaRing as well" despite the absence of any long-term studies to validate this statement.

25. Defendants' patient information sheet and Physician's Insert similarly fail fully to advise women of the risks associated with the product: "Most studies on combination contraceptives have used oral (taken by mouth) contraceptives. NuvaRing may have the same risks that have been found for combination oral contraceptives. This leaflet will tell you about risks of taking combination oral contraceptives that may also apply to NuvaRing users."

26. Plaintiff was prescribed NuvaRing in approximately August 2004.

27. Plaintiff never suffered from any blood clotting disorder, deep vein thrombosis or pulmonary embolism incidents prior to her use of NuvaRing.

28. Plaintiff used the NuvaRing product from August 2004 until August 2005.

29. When Plaintiff began using Defendants' product, she had no health problems that contraindicated her for NuvaRing use.

30. Plaintiff was careful about her use of NuvaRing and strictly followed all instructions for use.

31. On or about August 2005, Plaintiff presented to Lourdes Health System.  Plaintiff was diagnosed with bilateral pulmonary emboli and/or a blood clot in her leg.  Plaintiff was immediately started on lovenox therapy and Coumadin therapy.

32. Plaintiff's NuvaRing was removed at the hospital.

33. Plaintiff was discharged home in August 2008 and prescribed a continued course of Coumadin.

## AS A FIRST CAUSE OF ACTION: NEGLIGENCE

34. Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth and further alleges as follows:

35. Defendants had a duty to exercise reasonable care to properly design, research, develop, test, manufacture, inspect, label, prepare for use and sell NuvaRing, including a duty to insure that NuvaRing not cause users to suffer from unreasonably dangerous or untoward adverse side effects.

36. Defendants failed to exercise ordinary care in the design, research, development, testing, manufacture, inspection, quality assurance, quality control, labeling, distribution, marketing and/or sale of NuvaRing into interstate commerce, in that defendants knew or reasonably should have known that NuvaRing created a high risk of unreasonably dangerous or untoward adverse side effects.

37. Defendants knew, or in the exercise of reasonable care should have known, that NuvaRing was of such a nature that if not properly manufactured, labeled, tested, and inspected before sold, it was likely to cause injury to NuvaRing users.

38. Defendants were negligent in the design, manufacture, testing, promotion, advertising, warning, labeling, marketing and sale of NuvaRing, in that they:

    a. failed to use due care in the designing, testing, and manufacturing of NuvaRing so as to prevent the aforementioned risks to individuals when NuvaRing was used;

    b. failed to accompany their product with proper and adequate warnings regarding all possible adverse side effects associated with the use of NuvaRing and the frequency, comparative severity and duration of such adverse effects;

      c. failed to conduct adequate pre-clinical and clinical testing and post-marketing surveillance to determine the safety of NuvaRing;

      d. failed to provide adequate training and information to medical care providers for the appropriate use of NuvaRing;

      e. failed to properly and adequately warn users, including the Plaintiff, prior to actively encouraging and promoting the sale of NuvaRing, either directly or indirectly, orally or in writing, about the adverse side effects associated with the use of this product including but not limited to deep vein thrombosis, pulmonary embolism and death; and

      f. were otherwise careless and/or negligent.

39. Despite the fact that Defendants knew or should have known that NuvaRing caused unreasonable and dangerous side effects, which many users would be unable to remedy by any means, Defendants continue to market NuvaRing to consumers when safer alternative methods of treatment are available.

40. Defendants knew or should have known that consumers such as the Plaintiff, would suffer injuries as a result of Defendants' failure to exercise ordinary care as described above.

41. As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendants, Plaintiff suffered profound injuries that required medical treatment and incurred medical and hospital expenses, for which Plaintiff has become liable.

WHEREFORE Plaintiff demands judgment against each Defendant for compensatory, statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

**AS A SECOND CAUSE OF ACTION: AEMLD– DEFECTIVE MANUFACTURING**

42. Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth, and further alleges as follows:

43. Defendants are the manufacturers, designers, distributors, sellers, or suppliers of NuvaRing and were responsible for marketing, labeling, and/or selling the NuvaRing and otherwise putting it into the stream of commerce for profit in Alabama.

44. The NuvaRing manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by Defendants, was defective in its manufacture and construction when it left the hands of Defendants in that it deviated from product specifications, rendering it unreasonably dangerous, as defined by the Alabama Extended Manufacturer's Liability Doctrine, and thereby posing a serious risk of injury and death to consumers, including Plaintiff.

45. As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendants, Plaintiff suffered profound injuries that required medical treatment and incurred medical and hospital expenses, for which she has become liable.

WHEREFORE Plaintiff demands judgment against Defendants for compensatory, statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

## AS A THIRD CAUSE OF ACTION: AEMLD– DEFECTIVE DESIGN

46. Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth and further alleges as follows:

47. Defendants were the manufacturers, designers, distributors, sellers or suppliers of NuvaRing and were responsible for marketing, labeling, and/or selling the NuvaRing and otherwise putting it into the stream of commerce for profit in Alabama.

48. The NuvaRing manufactured and supplied by Defendant contained an unreasonably dangerous defect in design or formulation in that, when it left the hands of Defendants, an average consumer could not reasonably anticipate the dangerous nature of the NuvaRing nor fully appreciate the attendant risk of injury associated with using the NuvaRing.

49. NuvaRing was defective in that it was not properly designed or prepared and/or was not accompanied by proper warnings regarding the prevalence and severity of adverse side effects associated with its use.

54. NuvaRing manufactured and/or supplied by Defendants was defective in design or formulation because at the time it left the control of the manufacturers it was unreasonably dangerous to health, it was not fit for the ordinary purposes for which it was intended and it does not meet the reasonable expectations of an ordinary consumer as to its safety, it is more dangerous than an ordinary consumer would expect and more dangerous than other methods of contraception.

50. NuvaRing was defective in design or formulation because when this product left the control of the manufacturer or supplier, the foreseeable risks exceeded the benefits to be derived from the use of this product

51. NuvaRing was further defective in that its design and manufacture contained unnecessarily dangerous hormones and released unsteady amounts of the said hormones.

52. The foreseeable risks associated with the design of the NuvaRing include, but are not limited to, the fact that NuvaRing is more dangerous and presents a greater risk of injury than an ordinary consumer would reasonably expect when using this type of product in an intended or reasonably foreseeable manner.

53. At the time the NuvaRing left the control of Defendants, there were practical and feasible alternative designs that would have prevented and/or significantly reduced the risk of Plaintiff's injuries without impairing the reasonably anticipated or intended function of the product including preventing pregnancy. These safer alternative designs were economically and technologically feasible, including use of a second generation progestin and would have prevented or significantly reduced the risk of Plaintiff's injuries without substantially impairing the product's utility. Other alternative designs include progestin only products, condoms and non hormonal birth control methods.

54. As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendants, Plaintiff suffered profound injuries that required medical treatment and incurred medical and hospital expenses, for which she has become liable.

WHEREFORE Plaintiff demands judgment against Defendants for compensatory, statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

### AS A FOURTH CAUSE OF ACTION: AEMLD– FAILURE TO WARN

55. Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth and further alleges as follows:

56. Defendants failed to provide adequate warnings and/or information concerning the harms or potential harms and dangers of NuvaRing to its users, including but not limited to the Plaintiff.

57. Defendants failed to perform adequate testing which would have established that NuvaRing possessed potentially serious side effects, including increased risk of blood clots,

about which the Defendants should have provided full and proper warnings including a warning that there was nothing a consumer or physician could do to remove these risks.

58. Defendants marketed and promoted NuvaRing for sale to physicians and individuals, the Plaintiff, without proper warnings about the long-term health consequences associated with use of the drug combination in the contraceptive.

59. Defendants' label, patient information, website, and other advertising materials failed to adequately warn physicians and the public about the increased potential of thromboembolic events related to NuvaRing use despite Defendants' knowledge of the heightened risk.

60. Defendants knew or should have known that NuvaRing was unreasonably dangerous when put to its reasonably intended use.

61. NuvaRing manufactured and/or supplied by the Defendants was defective due to inadequate post-marketing warnings and/or instructions in that Defendant's failed to provide adequate warnings to users and consumers of NuvaRing and have continued to aggressively market NuvaRing after they knew or should have known of the risk of serious harm from NuvaRing.

62. As a result of Defendants' failure to adequately warn physicians and potential users of NuvaRing about these increased risks, the Plaintiff used NuvaRing and subsequently suffered bilateral pulmonary emboli.

63. Plaintiff is entitled to punitive damages in that the Defendants' failure to warn was reckless and without regard for the public's safety and welfare.  The Defendants have misled both the medical community and public at large, including the Plaintiff, by making false representations about the safety of NuvaRing.  The Defendants downplayed, understated and/or

11

disregarded their knowledge of the serious and permanent side effects associated with the use of NuvaRing despite available information demonstrating it was likely to cause serious and sometimes fatal side effects to the users.

64. Defendants were or should have been in possession of evidence demonstrating that their product caused serious side effects. Nevertheless, they continued to market NuvaRing by providing false and misleading information with regard to safety and efficacy.

65. As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendants, the Plaintiff suffered a profound injury that required medical treatment and incurred medical and hospital expenses, for which she has become liable.

WHEREFORE Plaintiff demands judgment against Defendants for compensatory, statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

## AS A FIFTH CAUSE OF ACTION: PRODUCTS LIABILITY DEFECT DUE TO FAILURE TO ADEQUATELY TEST

66. Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth and further alleges as follows:

67. Defendants repeatedly advised consumers and the medical community that the NuvaRing contained the same safety profile as oral hormonal birth control pill. Defendant failed to adequately test the safety of the NuvaRing versus oral hormonal birth control pills.

68. Had Defendants adequately tested the safety of the NuvaRing versus oral hormonal birth control pills and disclosed the entirety of those results to the medical community or the public, Plaintiff would not have undertaken birth control therapy with NuvaRing.

69. As a direct and proximate result of Defendants' failure to adequately test the safety of the NuvaRing versus oral hormonal birth control pills, Plaintiff sustained injuries as described herein.

70. As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendants, Plaintiff suffered profound injuries that required medical treatment and incurred medical and hospital expenses, for which she has become liable.

WHEREFORE Plaintiff demands judgment against Defendants for compensatory, statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

## AS A SIXTH CAUSE OF ACTION: BREACH OF IMPLIED WARRANTY

71. Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth and further alleges as follows:

72. Defendants marketed, manufactured, promoted, distributed and/or sold NuvaRing as safe for use by the public at large, including Plaintiff herein, who purchased NuvaRing. Defendants knew the use for which their product was intended and impliedly warranted the product to be of merchantable quality, safe and fit for use.

73. Plaintiff reasonably relied on the skill and judgment of the Defendants, and as such their implied warranty, in using the aforementioned product. Contrary to same, NuvaRing was not of merchantable quality or safe or fit for its intended use, because it is unreasonably dangerous and unfit for the ordinary purpose for which it was used in violation of violation of Ala. Code §§ 7-2-314, *et seq*.

74. As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendants, Plaintiff suffered a profound injury that required medical treatment and incurred medical and hospital expenses, for which Plaintiff has become liable.

WHEREFORE Plaintiff demands judgment against Defendants for compensatory, statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

## AS A SEVENTH CAUSE OF ACTION: BREACH OF EXPRESS WARRANTY

75. Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein and further alleges as follows:

76. The aforementioned manufacturing, designing, distributing, marketing, and promoting of NuvaRing were expressly warranted to be safe by Defendants for Plaintiff and members of the public generally. Defendants also expressly warranted the level of hormones that NuvaRing released including that the dose of hormones was a safe and/or low and steady  At the time of the making of these express warranties, Defendants had knowledge of the foreseeable purposes for which NuvaRing was to be used and Defendants warranted NuvaRing to be in all respects safe, effective and proper for such purposes.

77. NuvaRing does not conform to these express warranties and representations because NuvaRing is not safe or effective and may produce serious side effects, including, among other things, blood clots, pulmonary embolism, deep vein thrombosis, heart attack, stroke and death in violation of Ala. Code §§ 7-2-313, *et seq*.

78. As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendants, Plaintiff suffered profound injuries that required medical treatment and incurred medical and hospital expenses, for which Plaintiff has become liable.

WHEREFORE Plaintiff demands judgment against Defendants for compensatory, statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

## AS AN EIGHTH CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

79. Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein and further alleges as follows:

80. Defendants, having undertaken the designing, manufacturing, marketing, distribution and/or promotion of NuvaRing, owed a duty to provide accurate and complete information regarding NuvaRing.

81. Defendants falsely represented to Plaintiff that NuvaRing was safe and effective as a contraceptive. The representations by Defendants were in fact false, as NuvaRing is not a safe contraceptive method and is dangerous to the health of its users.

82. At the time the aforesaid representations were made, Defendants concealed from Plaintiff and health care providers information about the propensity of NuvaRing to cause great harm. Defendants negligently misrepresented claims regarding the safety and efficacy of NuvaRing despite the lack of information regarding same.

83. These misrepresentations were made by Defendants with the intent to induce Plaintiff to use NuvaRing, which caused her injury.

84. At the time of Defendants' misrepresentations and omissions, Plaintiff was ignorant of the falsity of these statements and reasonably believed them to be true.

85. Defendants breached their duties to Plaintiff by providing false, incomplete and/or misleading information regarding their product. Plaintiff reasonably believed Defendants' representations and reasonably relied on the accuracy of those representations when agreeing to treatment with NuvaRing.

86. As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendants, Plaintiff suffered a profound injury that required medical treatment and incurred medical and hospital expenses, for which Plaintiff has become liable.

WHEREFORE Plaintiff demands judgment against Defendants for compensatory, statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

## **AS A NINTH CAUSE OF ACTION: FRAUDULENT MISREPRESENTATION**

87. Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth and further alleges as follows:

88. Defendants, having undertaken the manufacturing, marketing, prescription, dispensing, distribution and promotion of NuvaRing described herein, owed a duty to provide accurate and complete information regarding NuvaRing.

89. Defendants fraudulently misrepresented material facts and information regarding NuvaRing including, but not limited to, its propensity to cause serious physical harm.

90. At the time of Defendants' fraudulent misrepresentations and omissions, Plaintiff was unaware and ignorant of the falsity of the statements and reasonably believed them to be true.

91. Defendants knew this information to be false, incomplete and misleading information.

92. Defendants intended to deceive and mislead Plaintiff so that she might rely on these fraudulent misrepresentations.

93. Plaintiff had a right to rely on and did reasonably rely upon Defendants' deceptive, inaccurate and fraudulent misrepresentations.

94. As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendants, Plaintiff suffered profound injuries that required medical treatment and incurred medical and hospital expenses, for which Plaintiff has become liable.

WHEREFORE Plaintiff demands judgment against Defendants for compensatory, statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

## AS AN TENTH CAUSE OF ACTION: FRAUD BY CONCEALMENT

99. Plaintiffs incorporate by reference all other paragraphs of this complaint as if fully set forth and further alleges as follows:

100. Defendants had a duty and obligation to disclose to Plaintiff that the aforesaid product was dangerous and likely to cause serious health consequences to users when used as prescribed.

101. Defendants intentionally, willfully, and maliciously concealed and/or suppressed the facts set forth above from Plaintiff with the intent to defraud her as herein alleged.

102. Neither Plaintiff nor her physicians were aware of the facts set forth above, and had they been aware of said facts would not have prescribed this product.

103. As a proximate result of the concealment and/or suppression of the facts set forth above, Plaintiff has proximately sustained damage, as set forth herein.

104. As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendants, Plaintiff suffered profound injuries that required medical treatment and incurred medical and hospital expenses, for which Plaintiff has become liable.

WHEREFORE Plaintiff demands judgment against Defendants for compensatory, statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

## REQUEST FOR PUNITIVE DAMAGES

105. Plaintiff incorporate by reference all other paragraphs of this complaint as if fully set forth, and further alleges as follows:

106. At all times relevant herein, defendants:

    a. knew that NuvaRing was dangerous and ineffective;

    b. concealed the dangers and health risks from Plaintiff, physicians, pharmacists, other medical providers, the FDA, and the public at large;

    c. made misrepresentations to Plaintiff, her physicians, pharmacists, hospitals and medical providers and the public in general as previously stated herein as to the safety and efficacy of NuvaRing;

    d. with full knowledge of the health risks associated with NuvaRing and without adequate warnings of the same, manufactured, marketed, promoted, developed, sold and/or distributed NuvaRing for routine use.

107. Defendants, by and through officers, directors, managing agents, authorized sales representatives, employees and/or other agents who consciously or deliberately engaged in malicious, fraudulent, wanton and oppressive conduct towards Plaintiff and the public, acted with willful and wanton and/or conscious and reckless disregard for the safety of Plaintiff and the general public.

108. As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendants, Plaintiff suffered profound injuries that required medical treatment and incurred medical and hospital expenses, for which Plaintiff has become liable.

WHEREFORE Plaintiff demands judgment against Defendants for compensatory, statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

## JURY DEMAND

Demand is hereby made for trial by jury on all issues raised by these pleadings.

Dated: January 16, 2014                              Respectfully submitted,

                                                           /s/ Brandy L. Robertson
                                                           Brandy L. Robertson, Esq. (ROB168)
                                                           William L. Bross, Esq. (BRO181)
                                                           HENINGER GARRISON DAVIS, LLC
                                                           2224 First Avenue North

Birmingham, AL 35203
Telephone:     (205) 326-3336
Facsimile:     (205) 326-3332
Email: wlbross@hgdlawfirm.com
           brandy@hgdlawfirm.com
***Attorneys for Plaintiff***

**OF COUNSEL:**
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham, AL 35203
Telephone:     (205) 326-3336
Facsimile:     (205) 326-3332